UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

KENNETH MARVIN WATFORD,
  Plaintiff,

 v.

LT. ROBERT SCIORE,
  Defendant.

CIVIL NO. 09-5271(NLH)(AMD)

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

KENNETH MARVIN WATFORD
NEW JERSEY STATE PRISON
P.O. BOX 861
TRENTON, NJ 08625
 Appearing *pro se*

BRENDAN J. KAVANAGH
KAVANAGH & KAVANAGH, LLC
219 HIGH STREET
SUITE A
PO BOX 728
MILLVILLE, NJ 08332
 On behalf of defendant

**HILLMAN**, **District Judge**

 Presently before the Court is the motion of defendant, Robert Sciore, for summary judgment on the claim asserted against him by plaintiff, Kenneth Marvin Watford; and

 Plaintiff claiming that while he was detained at the Cumberland County Department of Corrections, defendant placed

1

him in pre-hearing detention on June 6, 2009, and he remained in detention without a hearing until June 17, 2009; and

Plaintiff claiming the eleven days he spent in detention was a violation of his Fourteenth Amendment due process rights; and

Defendant having asserted in this motion that plaintiff was placed in detention because he threatened another inmate with bodily harm, refused to obey an order of a staff member, and his actions disrupted the security of the facility (Def. Exs. B & C); and

Defendant stating that even though the paperwork regarding plaintiff's hearing has been lost, plaintiff did receive a hearing for those charges[1]; and

Plaintiff having not contested defendant's factual assertions or otherwise opposed defendant's motion other than to simply assert that eleven days in administrative detention without a hearing on his institutional charges violates his constitutional right to due process; and

---

[1] Defendant argues that because plaintiff had been placed in pre-hearing detention for other charges at different times, and he received copies of the paperwork for those charges, he is using the fact that the paperwork for his June 6, 2009 charges has been lost as the sole motivation to bring his current claim against defendant. Because plaintiff has not opposed defendant's motion, plaintiff has not responded to defendant's argument.

The Court concluding that there are no material issues of disputed fact and the matter is therefore ripe for adjudication as a matter of law; and

While the plaintiff has not opposed defendant's motion and especially in light of plaintiff's pro se status, the Court having reviewed the record independently to determine whether a summary disposition is appropriate; and

The Court holding that even if plaintiff did not receive a hearing for eleven days as he claims, and that defendant was responsible for that delay, plaintiff has not demonstrated that this was a due process violation, see Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that a prisoner's disciplinary segregation for thirty days did not deprive him of a cognizable liberty interest where confinement did not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life); Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002) (holding that placement into administrative confinement, without more, will rarely implicate a liberty interest); Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002) (inmate who had been confined to administrative segregation for 120 days had not "alleged the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"); see also Bell v. Wolfish,  441 U.S.

520, 539 (1979) ("[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'");

    Accordingly,

    **IT IS HEREBY** on this   24th   day of  August , 2012

    **ORDERED** that defendant's motion for summary judgment [30] is **GRANTED**; and it is further

    **ORDERED** that the Clerk of the Court shall mark this matter as **CLOSED**.


At Camden, New Jersey                      s/ Noel L. Hillman
                                              NOEL L. HILLMAN, U.S.D.J.